FILED
February 12, 2016
TN COURT OF
WORKERS' COMPENSATION
CLAIMS
TIME 12:04 PM



# COURT OF WORKERS' COMPENSATION CLAIMS
## AT MEMPHIS

Thomas Kelly,
   Employee,

v.

Catmur Development Co.,
   Employer,

And

Builders Mutual Insurance Co.,
   Insurance Carrier.

Docket No.: 2015-08-0509

State File No.: 47711-2015

Judge: Jim Umsted

---

## EXPEDITED HEARING ORDER
## GRANTING MEDICAL BENEFITS AND ATTORNEY FEES
### (*REVIEW OF THE FILE*)

---

This matter came before the Court upon the Request for Expedited Hearing filed by the employee, Thomas Kelly, in his claim against the employer, Catmur Development Co. On December 10, 2015, the Court denied Catmur's Motion to Deny Claimant's Request for Expedited Hearing and set the matter for an Expedited Hearing by record review. The Court determined, and the parties' agreed, that an in-person evidentiary hearing was unnecessary to address the disputed issues.[1]

On January 14, 2016, the Court conducted a review of the records. The primary issue was entitlement to medical benefits for emergency air transport, which included the following sub-issues:

1. Whether Catmur must pay for the Memphis Medical Center Air Ambulance (MMCAA) emergency air transportation charges necessitated by Mr. Kelly's injury in the amount of $52,900.00;

2. Whether Catmur has a right to appeal the adverse decision of the Medical Director issued on October 14, 2015, relating to the Employer/Carrier's UR Denial;

3. Whether Mr. Kelly is entitled to a reasonable attorney's fee and expenses, relating

---

[1] A complete listing of the technical record and exhibits is attached to this Order as an appendix.

1

to the Petition for Benefit Determination and UR Appeal process for Catmur's denial of Mr. Kelly's medical benefits; and

4. Whether penalties should be assessed against Catmur based on its wrongful denial of medical benefits and for its failure to comply with the Medical Director's October 14, 2015 determination, which overturned the carrier's UR denial of the MMCAA transport.

Based upon the record as a whole, the Court finds Mr. Kelly is entitled to the requested medical benefits and attorney fee.

## History of Claim

Mr. Kelly is a fifty-nine-year-old resident of Shelby County, Tennessee. He worked for Catmur as a carpenter. On June 17, 2015, he sustained an accidental injury at work when he severed his left thumb while operating a saw. Catmur learned of Mr. Kelly's injury on the morning it occurred, as his supervisor came to the scene of the accident.

An ambulance transported Mr. Kelly, along with his amputated thumb, to the emergency department at Regional One Health in Memphis, Tennessee (the Med). After conferring with Dr. Wesley P. Thayer, plastic surgeon at Vanderbilt Medical Center (VMC), the attending physician determined it appropriate to transport Mr. Kelly to VMC in Nashville, Tennessee for attempted replantation of the thumb. Time was an essential element to the possibility of a successful operation. Pursuant to the attending physician's instructions, MMCAA provided air transport to VMC. Air ambulance transport was accomplished, but the replantation was unsuccessful.

Catmur refused to pay the air ambulance transport bill and sent the file to its Utilization Review company, Eckman/Freeman and Associates, where it was purportedly reviewed by Dr. Glenn Smith, an orthopedist. The record does not reflect when Catmur received the bill, or when it submitted the bill to UR. According to the September 11, 2015 UR denial report prepared by Dr. Smith, the air ambulance transport was not medically necessary.

Mr. Kelly appealed the UR report on September 25, 2015. On October 7, 2015, MMCAA also appealed the UR report. Thereafter, on October 14, 2015, Dr. Robert Snyder, the Bureau's Medical Director, issued a report overturning the UR denial and ordering approval of the air ambulance transport on the basis of medical necessity.

2

On October 19, 2015, in an attempt to overturn the ruling of Dr. Snyder, Catmur filed a separate PBD under the same docket number, disputing the report of Dr. Snyder and requesting a ruling from the Court that the air ambulance transport was not medically necessary.

### Findings of Fact and Conclusions of Law

*General Legal Principles*

This Court must interpret the Workers' Compensation Law fairly, impartially, and without favor for either the employee or employer. Tenn. Code Ann. § 50-6-116 (2015). The employee in a workers' compensation claim must prove all essential elements of his claim. *Scott v. Integrity Staffing Solutions,* No. 2015-01-0055, 2015 TN Wrk. Comp. App. Bd. LEXIS 24, at *6 (Tenn. Workers' Comp. App. Bd. Aug. 18, 2015). However, an employee need not prove every element of his claim by a preponderance of the evidence in order to obtain relief at an expedited hearing. *McCord v. Advantage Human Resourcing*, No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015). At an expedited hearing, an employee must come forward with sufficient evidence from which the trial court can determine he is likely to prevail on his claim at trial. *Id.* In the absence of an evidentiary hearing, the Court is limited to considering evidence in the form of affidavits and stipulated documents. *Melissa Duck v. Cox Oil Co.*, No. 2015-07-0089, 2016 TN Wrk. Comp. App. Bd. LEXIS 2, *14 (Tenn. Workers' Comp. App. Bd. Jan. 21, 2016).

*Right to appeal the UR report of Dr. Robert Snyder, Medical Director for the Bureau*

Based on the stipulated documents, this Court is unable to determine whether Catmur complied with the time requirements for submitting a case to UR review. It is clear Catmur submitted the case to its UR company, which determined on September 11, 2015, that the air ambulance transport was not medically necessary. Mr. Kelly and MMCAA both filed timely appeals from this denial. The Bureau accepted the appeal, and on October 14, 2015, the Bureau's Medical Director issued a report overturning the UR denial and ruled that the air ambulance transport was medically necessary. Catmur desired to appeal the ruling of Dr. Snyder. The Court must consider whether his ruling is final and binding on the parties.

According to Rule 0800-02-06-.07 (2015) of the Tennessee Compilation Rules & Regulations, Dr. Snyder's UR appeal determination is considered "final for administrative purposes, subject to the provisions of subsections (3)-(5) of this Rule." Subsection 4 of this Rule recognizes a process to obtain a "waiver of the benefit review conference requirement," thereby exhausting all administrative remedies and allowing a party to file suit in Circuit or Chancery Court. The Court notes this Rule applied to pre-July 1, 2014 dates of injury, prior to the creation of the Court of Workers' Compensation

3

Claims (CWCC). For post-July 1, 2014 dates of injury, the only trial court with workers' compensation jurisdiction is the CWCC, and there is no benefit review conference requirement. The Court finds this Rule does not contemplate the existence of the CWCC, and it does not make the UR determination of the Bureau's Medical Director binding on the Court.

The Court has also considered the question of whether the parties must appeal Dr. Snyder's decision under the Uniform Administrative Procedures Act (UAPA). The Court of Appeals considered the appeal of certain Bureau decisions under the UAPA in the case of *C.H. Guenther & Son, Inc. v. Head*, No. M2012-00417-COA-R3-CV, 2012 Tenn. App. LEXIS 852 (Tenn. Ct. App. Dec. 10, 2012).[2] The *Guenther* court concluded that the informal dispute resolution procedures established by the Bureau for its workers' compensation specialists did not provide for a contested case hearing as required by the UAPA. Thus, these types of decisions were not appealable under UAPA procedures. In the present case, the Court finds that the UR appeal decisions of the Bureau's Medical Director are not subject to a contested case hearing and would not be appealable under the UAPA.

Tennessee Code Annotated section 50-6-204(a)(1)(A) (2015) requires the employer to furnish such medical treatment made reasonably necessary by accident. Since Catmur does not dispute the compensability of the accident, the Court must determine whether the air ambulance transport is "reasonably necessary." The Court found no statutory or regulatory authority making the UR appeal decision of the Bureau's Medical Director binding on the Court. This Court determines that the above regulation, passed before the creation of this Court, does not usurp the authority of the Court to make its own decision on the question of medical necessity. Therefore, the Court concludes that it has the authority to review all of the information properly in the record to determine whether the air ambulance transport was medically necessary.

*Air Ambulance Transport Bill*

Having so found, the Court turns to the issue of medical benefits. Pursuant to Tennessee Code Annotated section 50-6-204(a)(1)(A) (2015), "The employer or the employer's agent shall furnish, free of charge to the employee, such medical and surgical treatment . . . made reasonably necessary by accident[.]" Catmur accepted compensability in this claim. The only dispute is payment of the $52,900.00 air

---

[2] Reliance on precedent from the Tennessee Supreme Court is appropriate "unless it is evident that the Supreme Court's decision or rationale relied on a remedial interpretation of pre-July 1, 2014 statutes, that it relied on specific statutory language no longer contained in the Workers' Compensation Law, and/or that it relied on an analysis that has since been addressed by the general assembly through statutory amendments." *McCord v. Advantage Human Resourcing*, No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *13 n.4 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015). This Court finds that citation to Special Workers' Compensation Panels is also appropriate as long as the cases cited meet this standard.

ambulance transport bill. Tennessee Code Annotated section 50-6-239(d)(1) (2015) expressly authorizes the Court to order medical benefits "upon determining that the injured employee would likely prevail at a hearing on the merits."

Dr. Thayer opined, "[A]ttempted replant in this case was indicated, as was life flight to increase the odds of replantation." MMCAA's report confirmed ground ambulance transported Mr. Kelly to the Med emergency department, where the attending physician requested air transport to VMC because the Med did not have the required specialist on staff to treat Mr. Kelly. The Bureau's Medical Director, Dr. Snyder, agreed the air ambulance transport was medically necessary. The only contrary medical opinion is that of Dr. Smith in Catmur's UR Denial report.

Based on a review of the record in its entirety, it is the determination of this Court that Mr. Kelly is likely to prevail at a hearing on the merits regarding entitlement to payment of the $52,900.00 air ambulance transport bill. Therefore, Catmur is ordered to pay said bill.

*Attorney's Fees*

According to Tennessee Code Annotated section 50-6-226(a)(1) (2015), "The fees of attorneys for services to employees . . . shall be subject to the approval of the workers' compensation judge" which "shall deem the attorney's fee to be reasonable if the fee does not exceed twenty percent (20%) of the award to the injured worker."

According to Tennessee Code Annotated section 50-6-226(a)(2)(A) (2015), "Medical costs that have been voluntarily paid by the employer or its insurer shall not be included in determining the award for purposes of calculating the attorney's fee." This implies that medical costs that Employer refused to pay may be included in calculating the attorney's fee.

Tennessee Code Annotated 50-6-238(a)(3) (2015) places a duty on the workers' compensation judge "to hear and determine claims for compensation . . . and to make orders, decisions, and determinations." After a review of the record in this case, it is the determination of the Court that Mr. Kelly's attorney is entitled to a reasonable attorney's fee in the amount of twenty percent of the air ambulance transport bill. Therefore, Mr. Kelly's attorney is granted an attorney's fee lien of twenty percent to be deducted from the payment of the bill.

*Request for Penalties*

Mr. Kelly requested penalties be issued against Catmur for late payment of the subject medical bill. A copy of this Order will be sent to the Bureau's Compliance Division for consideration of penalties.

5

**IT IS, THEREFORE, ORDERED** as follows:

1. Catmur shall pay the outstanding air ambulance transport bill submitted by MMCAA.

2. Mr. Kelly's attorney, Hope Calabro, shall be granted an attorney fee lien on said bill payment of twenty percent.

3. This matter is set for a telephonic Scheduling Hearing on March 23, 2016, at 10:30 a.m.

4. **Unless interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3) (2015). The Insurer or Self-Insured Employer must submit confirmation of compliance with this Order to the Bureau by email to WCCompliance.Program@tn.gov no later than the seventh business day after entry of this Order. Failure to submit the necessary confirmation within the period of compliance may result in a penalty assessment for non-compliance.**

5. For questions regarding compliance, please contact the Workers' Compensation Compliance Unit via email WCCompliance.Program@tn.gov or by calling (615) 253-1471 or (615) 532-1309.

**ENTERED this the 12th day of February, 2016.**

**Judge Jim Umsted**
**Court of Workers' Compensation Claims**

Initial (Scheduling) Hearing:

An Initial (Scheduling) Hearing has been set with **Judge Jim Umsted, Court of Workers' Compensation Claims. You must call 615-532-9550 or toll-free at 866-943-0014 to participate in the Initial Hearing.**

**Please Note: You must call in on the scheduled date/time to participate. Failure to call in may result in a determination of the issues without your further participation.**

6

<u>Right to Appeal</u>:

Tennessee Law allows any party who disagrees with this Expedited Hearing Order to appeal the decision to the Workers' Compensation Appeals Board. To file a Notice of Appeal, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal."

2. File the completed form with the Court Clerk *within seven business days* of the date the Workers' Compensation Judge entered the Expedited Hearing Order.

3. Serve a copy of the Expedited Hearing Notice of Appeal upon the opposing party.

4. The appealing party is responsible for payment of a **filing fee in the amount of $75.00.** Within ten calendar days after the filing of a notice of appeal, payment must be received by check, money order, or credit card payment. Payments can be made in person at any Bureau office or by United States mail, hand-delivery, or other delivery service. In the alternative, the appealing party may file an Affidavit of Indigency, on a form prescribed by the Bureau, seeking a waiver of the filing fee. The Affidavit of Indigency may be filed contemporaneously with the Notice of Appeal or must be filed within ten calendar days thereafter. The Appeals Board will consider the Affidavit of Indigency and issue an Order granting or denying the request for a waiver of the filing fee as soon thereafter as is practicable. **Failure to timely pay the filing fee or file the Affidavit of Indigency in accordance with this section shall result in dismissal of the appeal.**

5. The parties, having the responsibility of ensuring a complete record on appeal, may request, from the Court Clerk, the audio recording of the hearing for the purpose of having a transcript prepared by a licensed court reporter and filing it with the Court Clerk within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. Alternatively, the parties may file a joint statement of the evidence within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. The statement of the evidence must convey a complete and accurate account of what transpired in the Court of Workers' Compensation Claims and must be approved by the workers' compensation judge before the record is submitted to the Clerk of the Appeals Board.

6. If the appellant elects to file a position statement in support of the interlocutory appeal, the appellant shall file such position statement with the Court Clerk within five business days of the expiration of the time to file a transcript or statement of the evidence, specifying the issues presented for review and including any

argument in support thereof. A party opposing the appeal shall file a response, if any, with the Court Clerk within five business days of the filing of the appellant's position statement. All position statements pertaining to an appeal of an interlocutory order should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

## APPENDIX

Stipulated Documents and Affidavits:

1. Affidavit of Thomas Kelly
2. Utilization Review Notice of Denial – Eckman/Freeman – September 11, 2015
3. Letter appealing utilization review denial – September 25, 2015
4. Form C-35A – Notice of Appeal Rights For a Utilization Review Denial
5. Medical Bill – Memphis Medical Center Air Ambulance ($52,900.00) – June 17, 2015
6. Medical Records:
   a. Regional One Health
   b. Vanderbilt University Medical Center
   c. Campbell Clinic
   d. Memphis Medical Center Air Ambulance
7. Medical opinion letter from Dr. Thayer at VMC – October 14, 2015
8. Letter from Employer's attorney with PBD filed on October 20, 2015 to appeal the Medical Director's Order – November 9, 2015
9. Letter from Memphis Medical Center Air Ambulance appealing UR denial – October 7, 2015
10. Letter from Bureau's Medical Director, Dr. Snyder, overturning Utilization Review Denial – October 14, 2015


Technical Record

1. Petition for Benefit Determination (filed by Employee) – October 16, 2015
2. Petition for Benefit Determination (filed by Employer) – October 20, 2015
3. Employee's Pre-Expedited Hearing Statement
4. Brief of Employer
5. Dispute Certification Notice – November 17, 2015
6. Request for Expedited Hearing – November 17, 2015

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Compensation Hearing Order was sent to the following recipients by the following methods of service on this the 12th day of February, 2016.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|---|---|---|---|---|
| Hope Calabro, Esq., Employee's Attorney | | | X | hcalabro@wolfardis.com |
| Devin R. Williams, Esq., Employer's Attorney | | | X | drw@psw-law.com |
| Compliance Program | | | X | WCCompliance.Program@tn.gov |

Penny Shrum, Court Clerk
Court of Workers' Compensation Claims
WC.CourtClerk@tn.gov